IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Teon Capers, | ) C/A No. 6:17-cv-03208-HMH-KFM |
|---|---|
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| Director of the Charleston County Detention Center, | ) |
| Respondent. | ) |

The petitioner, proceeding *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The petitioner is a local detainee and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

The petitioner seeks a writ of habeas corpus. He requests that this court grant him a personal recognizance bond or a bond reduction (doc. 1). The petitioner also seems to request that the respondent deliver the responsive documents to his Rule 5 discovery motion (*id.*).

## APPLICABLE LAW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. The petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to

dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, "'an attempt to dismiss

an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)). A federal writ of habeas corpus under 28 U.S.C. § 2241 can only be sought *after* the petitioner has exhausted his state remedies.[1] *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Moore v. DeYoung*, 515 F.2d 437, 442–43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241).

The petitioner is a state pretrial detainee requesting habeas relief for a bond reduction. Public index records indicate that the petitioner is awaiting trial on pending charges for murder, armed robbery, and possession of a weapon during the commission of a violent crime. *See* Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (enter the petitioner's name, and 2017A1010205481, 2017A1010205482, and 2017A1010205483) (last visited December 6, 2017); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). According to the public index, on September 28, 2017, a bond hearing was held on the petitioner's charges; a bond order was issued on October 3, 2017. *See* Charleston County Public Index (enter the petitioner's name, and 2017A1010205481, 2017A1010205482, and 2017A1010205483) (last visited December 6, 2017). A *Brady* motion for discovery was filed on October 2, 2017. *Id.*

---

[1] Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the petitioner is a pretrial detainee charged with three crimes, so clearly an ongoing state criminal proceeding exists. The second criteria has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court also addressed the third criteria in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

To determine if extraordinary circumstances exist to justify pretrial federal interference with state proceedings, courts have looked to whether procedures exist which

4

would protect a petitioner's constitutional rights without pretrial intervention. *Moore*, 515 F.2d at 449. Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.*; *cf.*, *Gilliam*, 75 F.3d at 904 (a colorable claim of a double jeopardy violation is one of the very few extraordinary circumstances justifying federal court intervention in a pending state criminal proceeding). In this case, the petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. The petitioner has not shown his inability to raise his claims to the state courts through motions and post-trial proceedings. Since the petitioner can pursue his claims in state court both during and after trial, he fails to show that he has no adequate remedy at law and will suffer irreparable injury. *See Younger*, 401 U.S. at 43–44. The petitioner is, therefore, precluded from federal habeas relief at this time, and his petition should be dismissed.

## RECOMMENDATION

It is recommended that the § 2241 petition be **dismissed** without requiring the respondent to file a return. ***The petitioner's attention is directed to the important notice on the next page.***

s/ Kevin F. McDonald<br>
United States Magistrate Judge

December 7, 2017<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).